UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHELBY Y.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C21-5128-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

       Plaintiff appeals the denial of Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") applications. She contends the ALJ misevaluated her testimony, lay statements, and certain medical opinions, and that the ALJ also lacked authority to resolve her claim due to the Commissioner's unconstitutional tenure protection. Dkt. 20 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case with for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

       Plaintiff is currently 45 years old, has a GED, and has worked as an automobile detailer. Tr. 1561-64. In February 2014, she applied for benefits, alleging disability as of January 1, 2010. Tr. 368-83. Her applications were denied initially and on reconsideration. Tr. 276-82,

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

291-302.  The ALJ conducted hearings in 2015 and 2016 (Tr. 171-204), and subsequently found Plaintiff not disabled.  Tr. 55-68.

The Appeals Council denied Plaintiff's request for review (Tr. 1-7), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings.  Tr. 1648-67.  On remand, a different ALJ held a hearing (Tr. 1551-1612), and subsequently issued a decision finding Plaintiff not disabled.[1]  Tr. 1498-1538.  The Appeals Council denied Plaintiff's request for review (Tr. 1489-94), and Plaintiff requests judicial review of the Commissioner's final decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since March 16, 2012, the day after her prior administratively final determinations.

**Step two:**  Plaintiff has the following severe impairments: cervical and lumbar degenerative disc disease, asthma, depressive disorder, obsessive compulsive disorder, panic disorder without agoraphobia, and opioid use disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[3]

**RFC:**  Plaintiff can perform light work with additional limitations: she cannot climb ladders, ropes, or scaffolds.  She can occasionally stoop, kneel, crouch, and crawl.  She can perform occasional bilateral overhead reaching.  She must avoid concentrated exposure to hazards, such as heights and machinery.  She must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.  She can perform simple, routine tasks.  She can tolerate occasional interaction with the public and co-workers.  She can tolerate occasional, routine workplace changes.

---

[1] This decision consolidates Plaintiff's 2014 applications with a subsequent SSI application filed in July 2016.  Tr. 1498, 1668-72.  The parties argue whether the ALJ reopened or should have reopened a prior application filed in 2011 (see Dkt. 20 at 2, Dkt. 22 at 16-17, Dkt. 24 at 1-2), but this dispute does not affect the Court's assessment of Plaintiff's assignments of error.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

**Step four:**  Plaintiff cannot perform her past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 1498-1538.

# DISCUSSION

### A.   Plaintiff's Testimony

The ALJ discounted Plaintiff's testimony on the grounds (1) the objective evidence (showing normal findings and/or improvement with conservative treatment) is inconsistent with Plaintiff's allegations, and (2) Plaintiff's activities were inconsistent with her physical and mental allegations.  Tr. 1506-19.  The ALJ did not find malingering and ALJ was thus required to provide clear and convincing reasons to discount Plaintiff's testimony.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends the ALJ selectively plucked normal findings and activities a long record spanning nine years, and these citations are insufficient to contradict her allegations.  Dkt. 20 at 12-14.  Specifically, Plaintiff disputes whether the normal objective findings contradict her allegations or merely support the RFC assessment, and contends none of the activities the ALJ cited contradict her testimony or demonstrate transferable work skills.  *Id*.

Substantial evidence does not support some of the ALJ's findings. The record shows Plaintiff suffers from chronic pain and receives opioids due to the severity of her pain. Certainly, Plaintiff has had good and bad days but the record establishes persistent and chronic pain complaints and the need for treatment. The ALJ thus erred in rejected Plaintiff's pain testimony.

The ALJ rejected Plaintiff's respiratory limitations finding she received "conservative treatment." But there is no indication Plaintiff's need for nebulizer treatment, inhalers and steroidal medications is conservative treatment and thus the treatment, she receives does not

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

contradict her testimony. The ALJ also rejected Plaintiff's testimony about her mental limitations despite finding Plaintiff has long suffered from significant mental disorders and needed to be hospitalized. The ALJ's focus on days in which Plaintiff was more stable paints an incomplete picture of Plaintiff's mental health limitations and thus the ALJ's determination is not supported by substantial evidence.

The ALJ also rejected Plaintiff's activities as inconsistent with the physical and mental limitations she alleged. Tr. 1518-19. The ALJ erred by focusing on Plaintiff's attempts to lead a normal life, *see Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987), and activities that do not demonstrate inconsistencies such as the ALJ's attempt to contrast Plaintiff's mental allegations with her ability to use a ladder or play guitar.

In sum, the Court concludes the ALJ erred in rejecting Plaintiff's testimony about the severity of her respiratory, pain, and mental health limitations.

**B.      Medical opinions**

Because Plaintiff applied for benefits before March 27, 2017, the ALJ's consideration of medical opinions are governed by 20 C.F.R. § 404.1527 and § 416.927. Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

   *1.      Andrew Patel, M.D.*

Dr. Patel, Plaintiff's treating physician, opined in December 2018 and April 2019 Plaintiff's conditions caused barriers to full-time employment. Tr. 2531, 2617. In 2018 Dr. Patel indicated Plaintiff's frequent medical appointments have "interfered with consistent full-time employment in recent months." Tr. 2531. In 2019, Dr. Patel summarized Plaintiff's conditions and concluded they cause "real barriers to full employment." Tr. 2617.

The ALJ rejected Dr. Patel's opinions first finding the doctor did not opine Plaintiff's limitations would persist more than 12 continuous months. Tr. 1521. Dr. Patel did not state Plaintiff's limitations would persist for less than 12 months and his April 2019 letter states he has treated Plaintiff since March 2018. His 2019 opinion that Plaintiff has real barriers to full employment span treatment for more than a year and the ALJ's finding that Dr. Patel opined Plaintiff suffers from short term limitations is thus not supported by substantial evidence.

The ALJ next rejected Dr. Patel's opinion finding it vague regarding the extent of Plaintiff's limitations and lacking in setting forth specific functional limitations on Plaintiff's ability to work. Tr. 1521. The ALJ "has an independent 'duty to fully and fairly develop the record.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quotation omitted). The ALJ's duty to supplement the record is triggered if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, Dr. Patel opined Plaintiff's medical conditions interfered with her ability to work. To the extent the ALJ viewed Dr. Patel's opinion as vague, the ALJ was required to further develop the opinion rather than reject it outright.

The ALJ also rejected Dr. Patel's statements as inconsistent with the medical record and Plaintiff's activities but as discussed above, the ALJ's assessment of the record and Plaintiff's activities is not supported by substantial evidence. The ALJ also noted Dr. Patel's treatment

notes indicate he is not trained to perform disability certifications, but this is not a basis to reject a medical opinion. Dr. Patel is a treating doctor and was not submitting a disability certification. Further disability determinations are reserved to the ALJ or the Court and is a determination that is separate from a medical opinion. In sum, the ALJ erred in rejecting Dr. Patel's opinion.

### 3.  *Jack Norris, Ph.D.*

Dr. Norris examined Plaintiff in 2010 and 2011 and provided opinions describing Plaintiff's mental symptoms and limitations. Tr. 697-722. The ALJ rejected Dr. Norris's opinions on the grounds they were not corroborated by objective evidence, were inconsistent with other evidence in the record, and were inconsistent with Plaintiff's activities. Tr. 1522-26.

Plaintiff argues the ALJ erred because the record supports Dr. Norris' opinion and the ALJ's reliance on the opinions of Dr. Vu and Nurse Practitioner Davis do not "undermine Dr. Norris' opinions, which were based on *his* finding." (Dkt. 20 at 5). This argument disregards how the ALJ may validly discount a medical opinion where contradicted. Here the ALJ correctly noted there were contrary opinions and thus substantial evidence supports the ALJ's determination to discount Dr. Norris' opinions.

### 4.  *Tasmyn Bowes, Psy.D.*

Dr. Bowes examined Plaintiff in 2012 and 2015, and wrote opinions describing her mental symptoms and limitations. Tr. 723-33, 2264-76. The ALJ gave great weight to Dr. Bowes's 2012 opinion, finding it consistent with and supported by the record and Dr. Bowes's own examination findings. Tr. 1527. The ALJ gave little weight to Dr. Bowes's 2015 opinion, finding the marked and severe limitations assessed therein were inconsistent with and unsupported by the longitudinal medical record, Dr. Bowes's own examination findings, and Plaintiff's activities. Tr. 1531-32.

Plaintiff argues the ALJ erred in crediting Dr. Bowes's 2012 opinion without acknowledging more recent evidence shows Plaintiff's condition had worsened since then. Dkt. 20 at 5-6. That Plaintiff's condition may have worsened after 2012 does not mean the 2012 opinion incorrectly assessed Plaintiff's condition at that point or that the ALJ erred in so finding. *Cf. Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). Accordingly, the Court will not disturb the ALJ's assessment of the 2012 opinion.

Plaintiff also argues the ALJ erroneously discounted Dr. Bowes's 2015 opinion. *See* Dkt. 20 at 6-7. The ALJ rejected Dr. Bowes's opinion as inconsistent with the doctor's own findings regarding Plaintiff's mental orientation, memory, fund of knowledge, abstract thought, following a conversation. This overlooks Dr. Bowes' finding Plaintiff has severe depression and anxiety based upon standardized testing; Plaintiff was not malingering; Plaintiff had difficulty organizing her thoughts, spoke in a pressured and rambling way; sobbed and decompensated as the evaluation proceeded. Tr. 2269. Substantial evidence does not support the ALJ's finding.

The ALJ also rejected the opinion as inconsistent with the 2014 opinions of reviewing Drs. Comrie and Collingwood. These opinions predate Dr. Bowes' 2015 evaluation and thus are not a basis to reject Dr. Bowes' opinion. The ALJ further found Dr. Bowes' opinion was inconsistent with Plaintiff's activities. But as noted above Plaintiff's attempts to lead a normal life are not grounds to reject the extent of her limitations and thus the limitations Dr. Bowes' assessed.

The Court accordingly concludes the ALJ erred in rejecting Dr. Bowes' 2015 opinion.

**5.    *Timothy Truschel, M.D.***

ORDER REVERSING THE COMMISSIONER'S DECISION - 7

     Dr. Truschel performed an initial evaluation of Plaintiff in 2013 and instructed her to return for treatment in 4-6 weeks. Tr. 1041-45. The ALJ noted Dr. Truschel did not give an opinion about Plaintiff's workplace limitations but his report "suggests that he believed the claimant to have marked limitations in multiple areas of functioning that would affect the claimant's ability to perform basic work activities[.]" Tr. 1527. The ALJ found an opinion Plaintiff was markedly limited carried little weight because (1) it relied on Plaintiff's self-report and was not corroborated by objective observation, (2) contemporaneous treatment notes from Dr. Truschel's clinic indicate Plaintiff was more focused on obtaining Social Security benefits than receiving treatment for her trauma, (3) Plaintiff's symptoms improved after Dr. Truschel's evaluation when she started a new medication regimen, and (4) Dr. Truschel's opinion was inconsistent with Plaintiff's activities. Tr. 1527-29.

     Plaintiff challenges two of the ALJ's reasons: (1) the ALJ erroneously rejected Dr. Truschel's opinion as based on self-report and (2) Plaintiff was improperly focused on benefits rather than treatment. Dkt. 20 at 8. Plaintiff has the burden to show the ALJ erred but fails to challenges each of the ALJ's reasons to discount Dr. Truschel's opinions. The Court accordingly declines to disturb the ALJ's determination to discount Dr. Truschel's opinions.

     6.    **DelRene Davis, ARNP**

     Ms. Davis treated Plaintiff for many years and the record contains her treatment notes and December 2014 opinions that Plaintiff cannot work due to her conditions. Tr. 1163, 1893-94. The ALJ rejected Ms. Davis' opinion that Plaintiff cannot work, on the grounds this is a finding reserved to the Commissioner, and because the conclusion is inconsistent with and unsupported by Plaintiff's longitudinal record as well as Ms. Davis's own treatment notes and Plaintiff's activities. Tr. 1529-30. The ALJ highlighted specific treatment notes where Ms.

Davis documented Plaintiff's improvement with treatment and/or continued smoking despite asthma complaints. *Id*.

Plaintiff argues none of the ALJ's reasons are supported by substantial evidence, and that the ALJ fails to acknowledge Ms. Davis' opinion is based upon her knowledge of the record. Dkt. 20 at 9. This is a conclusory assertion, that fails to articulate how the ALJ harmfully erred. While the Court reviews the entire record, the Court will generally not make arguments on behalf of a party when the party raises an issue but fails to support it. Plaintiff has the burden of showing the ALJ harmfully erred and has failed to meet this burden. The Court also notes the ALJ acknowledged Ms. Davis has been Plaintiff's primary care provider for more than 15 years and thus implicitly acknowledged Ms. Davis would have a knowledge of Plaintiff's treatment record in rendering her opinions. *See* Tr. 1529.

Finally, the Court notes that even if the ALJ erred in rejecting Ms. Davis for including a finding reserved to the Commissioner, the error is harmless because Plaintiff has not met her burden of showing the ALJ's other reasons are erroneous.

### 7. *William Wilkinson, Ed.D.*

Dr. Wilkinson examined Plaintiff in January 2016 and completed a DSHS opinion describing her symptoms and limitations. Tr. 1932-39. The ALJ rejected Dr. Wilkinson's opinion Plaintiff has marked limitations as inconsistent with Plaintiff's contemporaneous treatment record and her activities. Tr. 1533-34. The ALJ gave some weight to the moderate limitations indicated by Dr. Wilkinson, however. Tr. 1534.

Plaintiff states "Dr. Wilkinson's opinion is consistent with the record as a whole and with [Plaintiff's] daily activities." Dkt. 20 at 10. This is a conclusory statement and thus Plaintiff fails to meet her burden to show the ALJ harmfully erred.

Plaintiff also argues the ALJ's RFC fails to account for each moderate limitation assessed by Dr. Wilkinson. The RFC determination limits Plaintiff to simple, routine tasks; occasional interaction with the public and coworkers; and occasional routine workplace changes. Tr. 1505. These limitations touch on some but not all moderate limitations Dr. Wilkinson assessed. The doctor also opined Plaintiff was moderately limited in her ability to learn new tasks; perform routine tasks without special supervision; make simple work-related decisions; be aware of hazards and take precautions; or set realistic goals. The ALJ gave great weight to Dr. Wilkinson's opinions about Plaintiff's moderate limitations but did not include or exclude all of the assessed limitations in determining RFC.

The Court also notes the ALJ found Plaintiff could work as a sandwich board carrier, a food sorter, and a counter clerk even though the RFC limits contact with other individuals, and Dr. Wilkinson opined Plaintiff was moderately limited in her ability to avoid hazards and needed special supervision to perform routine tasks. The Court accordingly concludes the ALJ erred and must assess the impact of all of the moderate limitations.

### 8. *Terilee Wingate, Ph.D.*

Dr. Wingate examined Plaintiff in December 2018 and completed a DSHS opinion describing her symptoms and limitations.  Tr. 2532-39.  The ALJ gave great weight to Dr. Wingate's opinion, finding it consistent with and supported by her examination findings, the longitudinal record, and Plaintiff's activities.  Tr. 1534-35.

Plaintiff argues the ALJ erred by crediting Dr. Wingate's opinion but failing to include all moderate limitations the doctor assessed.  Dkt. 20 at 10. Dr. Wingate opined Plaintiff is moderately limited in her ability to understand and persist in detailed instructions; perform activities, maintain regular attendance without special supervision; learn new tasks;

communicate effectively; maintain appropriate behavior in a work setting and complete a normal workday or week due to psychological symptoms. Tr. 2534.  As with Dr. Wilkson's opinions about moderate limitations, the ALJ gave great weight to Dr. Wingate's opinions about Plaintiff's moderate limitations but did not include or exclude all of the assessed limitations in determining RFC.  The ALJ accordingly harmfully erred. The Court also notes the ALJ's failure to address all of the moderate limitations assessed by Drs. Wingate and Wilkinson is particularly harmful because in combination, they indicate significant functional limitations that were not included in the RFC determination.

### 9. *State agency consultants*

The ALJ gave great weight to the agency consultants' opinions. The Court need not address this assessment because the ALJ erred in rejecting the opinions above and Plaintiff's testimony and the case must be remanded for further proceedings.

### 10. *Carpal tunnel syndrome/arthritis evidence*

Plaintiff argues the record shows she has carpal tunnel syndrome and/or arthritis and the ALJ erred in failing to include manipulative limitations caused by these conditions in the RFC assessment.  Dkt. 20 at 10-11.  However, Plaintiff does not point to any part of the record establishing she suffers from manipulative limitation that affect her ability to work.  The ALJ discussed the evidence related to Plaintiff's carpal tunnel syndrome and found it was not a severe impairment in light of Plaintiff's reports of improvement with injections.  Tr. 1501-02.  Plaintiff has not assigned error to the ALJ's step-two findings or argued the ALJ erred in finding Plaintiff's hand/wrist conditions did not cause significant vocational limitations. As Plaintiff has not met her burden to show error the ALJ harmfully erred, the Court will not disturb the ALJ's finding.

ORDER REVERSING THE COMMISSIONER'S DECISION - 11

C. **Lay Evidence**

The record contains two third-party function reports completed by Edwina Plant. Tr. 435-42, 1818-25. The ALJ gave the reports little weight because, although they are consistent with Plaintiff's statements, they are inconsistent with the medical record and Plaintiff's "robust range of activities[.]" Tr. 1536. The ALJ also found Ms. Plant's statements were based on her own observations as well as Plaintiff's complaints but were not necessarily probative as to Plaintiff's RFC. *Id*. In the Ninth Circuit, an ALJ must provide germane reasons to discount a lay witness statement. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). The ALJ rejected Ms. Plant's testimony for the same reasons Plaintiff's testimony was rejected. As discussed above the ALJ erroneously rejected Plaintiff's testimony and thus erroneously rejected the lay testimony.

D. **Separation of Powers**

Although the Court finds nonconstitutional reversal error, the Court addresses Plaintiff's separation of powers argument because the argument suggests the constitutional violation requires the Court to reverse the entirety of the ALJ's decision. *See* Dkts. 20 and 24. For the reasons stated in *Lisa Y. v. Commissioner of Social Security*, -- F.Supp 3d--, No.21-5207-BAT, 2021 WL 5177363 at *5-8 (W.D.Wash. Nov. 8, 2021) the Court finds 42 U.S.C. § 902(a)(3) violates separation of powers but the violation is not grounds to reverse the ALJ's findings and decision in this case whether in part or in its entirety.

## CONCLUSION

The Court finds the ALJ harmfully erred, and the case should be remanded. Plaintiff argues the Court should remand the case for an award of benefits or alternatively for further

proceedings. However, the ALJ's misevaluation of the medical evidence and fact the full impact of the moderate limitations assessed by Drs. Wingate and Wilkerson needs further evaluation leads the Court to find further administrative proceedings are not only appropriate but necessary.

Accordingly, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). As discussed above the Court affirms the ALJ's treatment of Dr. Truschel, Ms. Davis and Plaintiff's Carpal Tunnel Syndrome/arthritis. The Court further finds separation of powers is not a ground for relief.  On remand, the ALJ shall reassess Plaintiff's and the lay witness's testimony; the opinions of Drs. Patel, Bowes, Wingate, and Wilkerson; develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 29th day of November, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge